COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF PROSECUTION

Appellate case name:      Emma J. Thomas v. A+ Federal Credit Union

Appellate case number:    01-15-01047-CV

Trial court case number:   1065009

Trial court:               County Civil Court at Law No. 4 of Harris County

On December 8, 2015, appellant, Emma J. Thomas, proceeding *pro se* (without an attorney), timely filed a notice of appeal in the trial court from that court's November 17, 2015 final judgment in this contract case. *See* TEX. R. APP. P. 25.1(a), 26.1. After this case was assigned to this Court, the Clerk of this Court mailed two notices on December 11, 2015, advising appellant that she had not timely paid the $205.00 appellate filing fee, and that if she was not exempt or been declared indigent by the trial court, as a result, her appeal was subject to dismissal unless she paid the filing fee within 20 days of the date of that notice. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent), 20.1 (listing requirements for establishing indigence), 42.3(c) (allowing involuntary dismissal of case for failure to comply with clerk's notice).

In response to our Clerk's notice, appellant filed a *pro se* letter in this Court, dated December 30, 2015, and filed on January 4, 2016, claiming that, among other things, she was not aware that there was an appellate filing fee, but is unable to pay the fee because she cannot is representing herself, cannot afford legal representation, and her income consists of Social Security. On January 4, 2016, the Clerk of this Court sent a late-fee notice to the parties warning appellant that, because she had neither established indigence nor paid the fee, if she failed to pay the filing fee by February 3, 2016, this Court may dismiss this appeal. *See* TEX. R. APP. P. 42.3.

Appellant did not file an affidavit of indigence with her notice of appeal in the trial court. *See* TEX. R. APP. P. 20.1(c)(1)(A). However, while we may extend the time to file an affidavit of indigence if the appellant files a motion for an extension of time within 15

days of the notice of appeal, the appellate "court may not dismiss the appeal or affirm the trial court's judgment on the ground that the appellant has failed to file an affidavit or a sufficient affidavit of indigence unless the court has first provided the appellant notice of the deficiency and a reasonable time to remedy it." *See* TEX. R. APP. P. 20.1(c)(3).

Because appellant is proceeding *pro se*, the Court construes her *pro se* letter, filed on January 4, 2016, as a letter-motion for an out-of-time extension of time to file an affidavit of indigence with the trial court and an extension of time to establish indigence to pay the filing fee, currently due by February 3, 2016, and **grants** both of the motions. Accordingly, it is **ORDERED** that appellant file an affidavit of indigence with the trial court or pay the $205.00 appellate filing fee to the Clerk of this Court **within 30 days of the date of this order, or else appellant is warned that this appeal may be dismissed for want of prosecution without further notice**. *See* TEX. R. APP. P. 5, 42.3(c). Because the appellant is proceeding *pro se*, appellant is directed to contact the Harris County Clerk's Office for a sample affidavit of indigence that complies with Texas Rule of Appellate Procedure 20.1(b) and the procedures that may follow the filing of such an affidavit. *See* TEX. R. APP. P. 20.1(b), (e)-(j).

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
        ☑ Acting individually    ☐ Acting for the Court

Date: January 21, 2016